IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Fannie Mae Consumer Resource Center Inc., *also known as* Fannie Mae, *also known as* Federal National Mortgage Association, *also known as* FNMA,<br><br>　　　　　　　　Defendant. | Civil Action No. 6:13-1983-TMC-KFM<br><br>**AMENDED**<br>**REPORT OF MAGISTRATE JUDGE** |

　　　　This matter is before the court on the *pro se* plaintiff's motion for entry of default and for default judgment (doc. 17) and the defendant's motion for extension of time to file answer (doc. 23). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

　　　　On July 18, 2013, the plaintiff filed this action against defendant Fannie Mae alleging that it improperly pulled his credit report in violation of the Fair Credit Reporting Act (doc. 1). On that same day, the plaintiff filed a motion for leave to proceed *in forma pauperis* (doc. 3). On July 19, 2013, the court granted the plaintiff's motion (doc. 11). The court also directed the Clerk of Court to issue the summons and to forward a copy of the order, summons, and complaint to the United States Marshal for service of process on the defendant (*id.*). The plaintiff's summons to the defendant was addressed to Timothy Mayopolous, the Chief Executive Officer of Fannie Mae (doc. 14). On July 29, 2013, the United States Marshal sent the summons and complaint via certified mail to "Fannie Mae Consumer Resource Ctr., ATTN: Timothy Mayopolous, 3900 Wisconsin Avenue, NW, Washington, DC 200016-2892" (doc. 16).

According to the defendant's records, on or about August 2, 2013, the lawsuit was received in the office of Mr. Mayopolous (doc. 23-2, Miller aff. ¶ 5). An employee in that office forwarded the lawsuit to the defendant's legal department in Dallas, Texas (*Id*. ¶ 7). On or about August 6, 2013, the defendant tendered the lawsuit to the servicer via electronic mail for handling (*id*. ¶ 9). For some unknown reason, the servicer either did not receive the documents or did not take the necessary steps to retain counsel to respond to the complaint (*id*. ¶ 11).

The deadline for the defendant to answer the plaintiff's complaint was August 23, 2013 (*see* doc. 16). On September 16, 2013, the plaintiff filed a motion for entry of default and for default judgment pursuant to Federal Rule of Civil Procedure 55, along with the required affidavit. The deadline for the defendant's response to that motion was October 15, 2013.

On September 25, 2013, Susan Miller, a litigation paralegal for the defendant, followed up to see what steps had been taken by the servicer in response to the complaint (Miller aff. ¶ 12). When she realized that no steps had been taken at all, Ms. Miller forwarded the documents to the law firm of Brock & Scott, PLLC, on September 25, 2013, and on September 26, 2013, she retained the law firm on behalf of the defendant (*id*.). On September 27, 2013, the defendant filed its response in opposition to the plaintiff's motion for entry of default and for default judgment and its motion for extension of time to file answer (*see* docs. 23, 24).

The undersigned issued a Report of Magistrate Judge on October 24, 2013, recommending that the plaintiff's motion for entry of default and for default judgment be denied and the defendant's motion for extension of time to file answer be granted (*see* doc. 31). However, that Report and Recommendation was mistakenly issued prior to the plaintiff's extended deadline for responding to the defendant's motion (*see* doc. 28 (granting plaintiff's motion for extension of time to file response through October 30, 2013)). The plaintiff filed his response in opposition to the defendant's motion on November 1, 2013,

one day after his extended deadline (doc. 34). The defendant filed a reply on November 12, 2013 (doc. 37), and the plaintiff filed a sur-reply on November 18, 2013 (doc. 39). The undersigned has considered all of the filings by the parties with regard to the motions and now issues an Amended Report of Magistrate Judge.

Rule 6(b)(1)(B) allows the court, for good cause, to extend the time a party has to respond to a complaint "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The standard for determining excusable neglect depends on several factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd., Partnership*, 507 U.S. 380, 395 (1993) (citation omitted).

The plaintiff will not be prejudiced if the court allows the defendant to file its answer. The court has not issued a scheduling order, so no other deadlines would be affected by the requested extension. No discovery had been completed in this litigation. There is also little impact on the delay on future judicial proceedings. If the defendant had timely replied and the court had issued a scheduling order, the only pleadings that would have been due at this time would have been those under Rule 26(f). Thus, the delay has not significantly impacted the length of time it would have taken the plaintiff to get to trial or another disposition of this case. Further, because the plaintiff was allowed to proceed in this case *in forma pauperis*, the plaintiff has not had any court costs in advancing this litigation. The length of the delay also weighs in favor of denying the plaintiff's motion for default and granting the defendant's motion for extension. The answer in this case was due on August 23, 2013. The defendant could have obtained an extension of time of up to twenty-one days under the local rules. *See* Local Civil Rule 12.01 DSC. Furthermore, the defendant filed its motion for extension of time within the time allowed to respond to the

3

plaintiff's motion for default. The reason for the delay in this case was the servicer's lack of response to the defendant. The defendant has demonstrated it has acted in good faith. Within two days of finding out that no response had been filed, the defendant retained counsel and moved to answer the complaint (Miller ¶ 12).

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion for default (doc. 17) be denied and the defendant's motion for extension of time to file answer (doc. 23) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

November 19, 2013
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).