IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken, ) | |
| ) | Civil Action No. 6:13-1983-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Fannie Mae Consumer Resource Center, ) | |
| Inc., *also known as* Fannie Mae, *also known* ) | |
| *as* Federal National Mortgage Association, ) | |
| *also known as* FNMA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff brought this action under the Fair Credit Reporting Act, alleging that the defendant illegally pulled his credit report. After the defendant failed to answer his complaint, the plaintiff filed a motion for entry of default and for default judgment.[1] (ECF No. 17.) The defendant responded to the motion, informing the court that it had failed to respond to the complaint because of an oversight or miscommunication between the legal department and the servicer. (ECF No. 24.) The defendant also moved for an extension of time to file its answer. (ECF No. 23.) By the time it filed its motions, the defendant had retained counsel and was ready to proceed with the case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Amended Report and Recommendation ("Report"), recommending that the court deny the plaintiff's motion for default and grant the defendant's

---

[1] The court notes that an entry of default was never docketed.

1

motion for extension of time.[2]  (ECF No. 42.)  The plaintiff has filed objections to the Report (ECF No. 44) and this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects.  *See* 28 U.S.C. § 636(b)(1).  Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge.  *See id.*

The plaintiff objects to the Report's reliance on a declaration[3] submitted on behalf of the defendant and its conclusion that the defendant's actions constitute excusable neglect.  The plaintiff claims that the court cannot properly consider the defendant's declaration because it is inadmissible hearsay and that, without that declaration, the defendant has not shown excusable neglect.

To support the factual basis underlying its motion for extension of time to file answer and its response in opposition to the plaintiff's motion for default judgment, the defendant included as an exhibit the declaration of Susan Miller, a litigation paralegal.  (*See* ECF Nos. 23-2, 24-1.)  The document is docketed as an affidavit, but purports to be a declaration pursuant to 28 U.S.C. § 1746.  Section 1746 expressly permits a party to support a matter permitted to be supported by a sworn declaration with an unsworn declaration under penalty of perjury, as long as the declaration contains the statutorily prescribed language.

---

[2] The magistrate judge's original Report and Recommendation was mistakenly filed before the plaintiff's time to respond to the defendant had run.  (*See* ECF No. 31.)  However, the Amended Report and Recommendation fully considers the plaintiff's response.  (ECF No. 42 at 3.)

[3] The document was filed as an affidavit, is titled "Declaration of Susan Miller," purports to fall under 28 U.S.C. § 1746, and refers to itself as an affidavit in the body.  (*See* ECF No. 23-2.)  This has, understandably, created some confusion.  The court construes the document as an unsworn declaration under penalty of perjury filed pursuant to 28 U.S.C. § 1746.

Courts regularly consider sworn affidavits or declarations along with motions to set aside default or default judgment. *See, e.g., Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia*, 523 F.Supp 1076 (D. Md. 1981) (as party moving to overturn default judgment, it is incumbent upon defendant to establish, through competent evidence, its right to relief); *Rooks v. American Brass Co.*, 263 F.2d 166, 168 (6th Cir. 1959) (setting aside default judgment based in part on three supporting affidavits); *Frost Belt Int'l Recording Enterprises, Inc. v. Cold Chillin' Records*, 758 F.Supp 131, 135-36 (S.D.N.Y. 1990) ("[Defendant] fails to submit an affidavit from a single person with personal knowledge of the circumstances of its default in responding to the complaint, and advances absolutely no explanation for its default. Such utter failure to explain the default effectively precludes a finding of excusable neglect."). In addition, Susan Miller's declaration complies with § 1746's required form. Accordingly, the plaintiff's objection to the court considering and relying on the declaration is without merit.

To the extent the plaintiff objects to other portions of the Report, those objections re-state general, conclusory arguments and legal conclusions already raised and thoroughly addressed in the Report. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F.Supp 469, 474 (W.D.N.C. 1997) ("A litigant who objects only in vague or general terms to the magistrate judge's recommendation, thereby preventing the district court from focusing on specific issues for review, renders the initial reference to the magistrate judge useless and frustrates the purpose of the Magistrates Act. Such objections do not constitute an 'objections' under 28 U.S.C. § 636(b)(1).").

Accordingly, after a thorough review of the record in this case, the court does not find cause to order the "extreme sanction" of default judgment. *Mobil Oil Co. De Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993) (unpublished table decision) ("the

extreme sanction of judgment by default is reserved only for cases there the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court."); *see also Tolson v. Hodge*, 411 F2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default to that the case may be heard on the merits."). Thus, the court agrees with the Report and adopts it herein. Therefore, the plaintiff's motion for default judgment (ECF No. 17) is DENIED and the defendant's motion for extension of time to answer the complaint (ECF No. 23) is GRANTED.

      **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 10, 2014
Anderson, South Carolina