IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Fannie Mae Consumer Resource ) <br> Center Inc., *also known as* Fannie ) <br> Mae, *also known as* Federal National ) <br> Mortgage Association, *also known as* ) <br> FNMA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 6:13-cv-1983-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

      The plaintiff, proceeding *pro se*, has filed an amended application to proceed in district court without prepaying fees or costs (hereafter "*in forma pauperis*" or "IFP" application) (doc. 76), as directed by the court.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the following reasons, the motion should be denied.

      Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir.1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed *in forma pauperis*.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir.1990). Specifically, the *Woods* court ruled that a denial of an application to proceed *in*

---

[1]The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id*.

*forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id*. at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir.2004). Therefore, the undersigned submits a report and recommendation to preserve the plaintiff's opportunity to obtain *de novo* review by a district judge on objections.

By way of background, the plaintiff filed his complaint and initial IFP application on July 18, 2013.  The plaintiff claimed to be unemployed with no income or assets except $72.57 and that he did "not own . . . real estate" (doc. 3).  The undersigned granted the plaintiff's IFP application by order dated July 19, 2013 (doc. 11).

On December 3, 2013, the parties were ordered to participate in mediation by the Honorable Timothy M. Cain, United States District Judge (doc. 47).  On May 19, 2014, the plaintiff filed a motion to be relieved and exempted from the expenses of mediation (doc. 56).  A hearing on the motion for relief from mediation expenses was held before the undersigned on June 16, 2014.  In response to questioning by the court, the plaintiff admitted owning a residence that he had failed to earlier disclose in his initial IFP application.  Further, the plaintiff claimed to have no knowledge of the value of the residence nor the amount due on the mortgagee and any resulting equity, despite being involved in ongoing foreclosure proceedings.  By order dated June 16, 2014 (doc. 73), the plaintiff was ordered to file an amended IFP application, and his motion for relief from mediation expenses was denied.   The defendant filed a motion for summary judgment on June 10, 2014 (doc. 64). On June 16, 2014, the undersigned granted the defendant's motion to stay the scheduling order deadlines until the court rules on the pending motion for summary judgment (doc. 73).

In his amended IFP application, the plaintiff now admits ownership of real property, stating that he "lives within and is named on a property Deed" for 313 Lanewood Drive in Mauldin, South Carolina.  As to the issue of value, the plaintiff states that the

original purchase price in 2003 was $98,500.00.  He further states that the "current market value of the property is unknown to the Plaintiff, and is assumed to be much less than what was previously mortgaged, due to economic downturn."  The plaintiff also claims to have no knowledge of any equity in his property, stating, "Defendant claims to be an owner of a mortgage account for an unspecified amount.  And as Defendant has never communicated to the Plaintiff that it has a claim of debt and an obligation for Plaintiff to pay, the Plaintiff does not know what the accurate amount of the alleged debt is.  The amount of debt is unknown and may only be ascertained by the Defendant" (doc. 76).

The plaintiff bears the burden of proving that he is unable to pay the costs of these proceedings and, in submitting his IFP applications, declares under penalty of perjury that the information provided is true.

Having considered the amended IFP application, the court finds that the plaintiff has failed to provide sufficient information to prove that he is entitled to relief.  While he now admits ownership of the residence at 313 Lanewood Drive, he continues to claim no knowledge of its current value.  A cursory search by the court of three internet real estate websites estimate the current value of the property to be $111,703 (Zillow.com), $120,400 (Homes.com), and $120,100 (Homesnap).  Contrary to the plaintiff's representation that the value of his property has decreased, these estimates show that the property has increased in value.  Moreover, because the plaintiff refuses to provide any information on the mortgage amount due his mortgagee (the defendant), the court is unable to determine if the plaintiff is without sufficient equity in the property to justify relief here.  *See Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D. Tex. 1976) (setting forth three legal tests for determining whether a person should proceed IFP under 28 U.S.C. § 1915: 1) Is the litigant barred from the federal courts by the reason of his "impecunity"?; (2) Is his access to the courts blocked by the imposition of an undue hardship?; (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?). While the plaintiff claims that only the defendant can provide this information, it is not the defendant's responsibility to prove the plaintiff's *in forma pauperis* status.

Accordingly, the plaintiff's amended application to proceed in district court without prepaying fees or costs (doc. 76) should be denied. If the district judge accepts this recommendation, the plaintiff should be given fourteen days from the date of the order denying the motion to submit the required filing fee of $400 (this includes a $50 administrative fee).[2]

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

August 1, 2014
Greenville, South Carolina

---

[2] Failure to timely pay the filing fee would result in a dismissal of the complaint *without prejudice*.